## Commonwealth *v.* Batch, Appellant.

Submitted November 11, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

594

*James L. Colbert,* for appellant.

*Samuel H. Stewart,* District Attorney, for appellee.

OPINION BY JAMES, J., January 31, 1936:

Appellant was indicted for the violation of Section 602 (b) and Section 602 (d) of the Act of November 29, 1933, (Sp. Sess.) P. L. 15, (47 PS §744, Pock. Pt.), in that at the Borough of Mount Union on the 15th day of February 1935, he (1) did unlawfully keep liquor within this Commonwealth which was not lawfully acquired prior to January 1, 1934, or purchased from a Pennsylvania Liquor Store. (1933 P. L. 15, §602 (b) Sp. S.) ; (2) did unlawfully have or keep liquor within this Commonwealth in packages or bottles which had not been sealed with the official seal of the Pennsylvania Liquor Control Board. (1933 P. L. 15, §602 (d) Sp. S.). Appellant's motion to quash was overruled and after trial he was convicted. Appellant moved in arrest of judgment, assigning reasons all of which relate to the refusal of the court to quash the indictment. The motion in arrest of judgment was overruled, sentence imposed and defendant appeals.

Appellant in his statement of questions involved, contends that the trial court erred in overruling his motion to quash and his motion in arrest of judgment. He further assigns as reasons for reversal certain complaints as to the charge of the court, to which no exception had been taken and no motion for a new trial made.

Since the enactment of the Criminal Procedure Act of March 31, 1860, P. L. 427, which provides that every indictment shall be deemed and adjudged sufficient and good in law which charges the crime substantially in

the language of the act of assembly prohibiting it, the trend of the decisions of our Supreme Court has been towards sustaining an indictment as good in substance, if the charge be stated with such certainty that the defendant may know what he is called upon to answer, and the court may know how to render the proper judgment thereon. Over nice exceptions are not to be encouraged especially in cases which do not touch the life of the defendant: Com. v. Speiser, app., 79 Pa. Superior Ct. 469. In passing upon the sufficiency of criminal proceedings, courts look more to substantial justice than to technicalities: Com., app., v. Keenan & Clark, 67 Pa. 203; Phillips v. Com., 44 Pa. 197; Com. v. Romesburg, 91 Pa. Superior Ct. 559, 562; Com. v. Campbell, 116 Pa. Superior Ct. 180, 176 A. 246.

Appellant's first contention is that the indictment is defective because it fails to set forth the exceptions as mentioned in Sec. 602 (b) and Sec. 602 (d). It will be observed that the language of the first count is substantially the language of Sec. 602 (b) omitting the following language: "Except a manufacturer, or the board, or the holder of a sacramental wine permit or of an importer's license," and that the second count is in the language of Sec. 602 (d) omitting the exceptions largely of the same description as is provided in Par. (b). It will be noted that under the above sections, the ingredients of the offense, to wit, the unlawful keeping, can be proven without reference to the exceptions. "When a statute defining an offense contains an exception in the enacting clause ...... and if the language of the clause defining the offense is so entirely separable from the exception that the ingredients constituting the offense may be accurately and clearly defined without any reference to the exception, the pleader may safely omit any such reference, as the matter contained in the exception is matter of defense and must be shown by the accused. ...... The real question in

any case is whether the exception is so incorporated with the substance of the clause defining the offense as to constitute a material part of the description of the act, omission, or other ingredients which constitute the offense:" Com. v. Neal, 78 Pa. Superior Ct. 216, 219; Com. v. Finch, 80 Pa. Superior Ct. 386; Com. v. Fahey, 113 Pa. Superior Ct. 598, 173 A. 854. The exceptions mentioned in the Act of 1933, supra, relate solely to a class of individuals and bear no relationship whatever to the ingredients of the crime and, therefore, it was not necessary to set forth that the defendant was not within the exceptions.

We find no merit in the criticism that the indictment failed to set forth the place where the liquor was found, the quantity thereof, and the degree of unlawful content. If the indictment charges the crime substantially in the act of assembly, it is sufficient in law and if the defendant desired this information, the proper course for him to have adopted was to file a petition for a bill of particulars whereupon he would have obtained the information. Appellant further complains that the first count of the indictment is defective for the reason that the wording is in the alternative, where the word "or" is used in the act in the disjunctive. The act specifically provides that the keeping of the liquor under either situation was an offense and, therefore, it was proper to cover both situations in the same count.

Under assignments of error three, four and five, complaint is made as to the sufficiency of the charge on the questions of reasonable doubt and presumption of innocence and the failure to charge the jury on the subject of the control and possession of the liquor by the defendant. At the close of the charge, no request was made for additional instructions, no exception taken to it nor did the defendant move for a new trial; which was the proper course for him to have taken for any inadequacy or incorrectness of the charge. These ques-

tions being raised for the first time upon appeal, we cannot recognize them. However, an examination of the record convinces us that the defendant was properly convicted and, therefore, the assignments of error are overruled and the judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.