## Commonwealth v. Warner

*Daniel E. Teeter*, for plaintiff.

*Samuel M. Raffensperger*, for defendant.

SHEELY, P. J., April 18, 1955.—The sole question raised in this case is the sufficiency of the information filed against defendant charging. that he did, on Main Street, McSherrystown, Pa., "unlawfully operate the above named motor vehicle on the left center of the highway, and at a high rate of speed, contrary to the provisions of the Act of Assembly, as set forth in Subsection A, section 1004, P. L. 905, 75 PS §521, of Act 403, approved May 1, 1929", etc. The section of The Vehicle Code alleged to have been violated provides that (75 PS §521) :

"Upon all highways of sufficient width, except upon one way streets, the driver of a vehicle shall drive the same upon the right half of the highway, and shall drive as closely as possible to the right hand edge or curb of such highway, unless it is impracticable to travel on such side of the highway, and except when overtaking and passing another vehicle, subject to the limitation applicable in overtaking and passing set

forth in this Act.: Provided, however, that the provisions of this section shall not apply to ridden animals of the National Guard or regular Army of the United States of America when actually engaged in training or maneuvers.".

The words "and at a high rate of speed" included in the information are not at all descriptive of the offense attempted to be charged and may be discarded as surplusage. The information then charges merely that defendant operated his motor vehicle to the left center of the highway. But defendant argues that under the provisions of The Vehicle Code this would be an offense only if the highway were of sufficient width to permit operation of the vehicle upon the right half of the highway, and if it were practicable to drive on that side of the highway, and if the highway were not a one-way street, and if defendant were not engaged in overtaking and passing another vehicle, and that these facts should have been alleged in the information. He is supported by the case of Commonwealth v. Johnston, 29 D. & C. 662 (1937), where an information very similar to the one in this case was held to be insufficient.

The question of whether an exception contained in the statute should be negatived in an information or indictment is difficult. The general rule is that where a statute defining an offense contains an exception or proviso in its enacting clause which is so incorporated with the language describing and defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted, it must be averred that the accused is not within the exception: 27 Am. Jur. 666; Commonwealth v. Fusarini, 26 Dist. R. 548 (1916); Commonwealth v. Wickert et al., 6 Dist. R. 387 (1897). A reading of the section of The Vehicle Code alleged to have been violated in this case discloses that it is not every case of driving to the

left of the center line of the highway that is prohibited. It is only where the highway is not a one-way street and is of sufficient width to permit operation on the right half of the highway that it is unlawful to drive to the left. Even then there are certain exceptions such as when the operator is overtaking and passing another vehicle. The fact that the street or highway must be of sufficient width and not a one-way street is so incorporated with the language describing the offense that the ingredients of the offense cannot be stated without including that fact.

In Commonwealth v. Batch, 120 Pa. Superior Ct. 592 (1936), defendant was charged with unlawful possession of liquor and it was contended that the indictment was defective because it failed to set forth the exceptions stated in the act, that defendant was not a manufacturer, or the board, or the holder of a sacramental wine permit or of an importer's license. The court pointed out that the ingredients of the offense, to wit, the unlawful keeping, could be proved without reference to the exceptions and therefore they were not required to be negatived, and stated:

"The real question in any case is whether the exception is so incorporated with the substance of the clause defining the offense as to constitute a material part of the description of the Act, omission, or other ingredients which constitute the offense."

As applied to the present case, that ruling would indicate that it would not be necessary to allege in the information that defendant was not a member of the National Guard, etc., or that he was not engaged in overtaking and passing another vehicle at the time he drove to the left of the center of the highway, or that it was not impracticable to drive on the right side of the highway. The ingredients of the offense could be proved without reference to these exceptions, and the exceptions would constitute matters of defense. But

the fact that the highway was of sufficient width constitutes a material part of the description of the act and is an ingredient of the offense since the requirement of driving upon the right half of the highway applies only when the highway is of sufficient width and is not a one-way street. Stated another way, if the Commonwealth proved nothing more than the fact that defendant operated to the left of the center line of the highway, defendant would have to be found not guilty since that fact, standing alone, is not an offense. It would be necessary for the Commonwealth also to prove that the highway was of sufficient width to permit operation of a vehicle on the right half thereof and that it was not a one-way street. Having shown that additional fact, defendant would be guilty unless he would come forward with evidence that would bring him within one of the exceptions.

We recognize, as contended by the district attorney, that magistrates are not usually learned in the law and all that should be required of them is a plain statement of the charge laid: Commonwealth v. Grego, 116 Pa. Superior Ct. 295 (1935). This is particularly true of the preliminary charge of a misdemeanor since the purpose of the preliminary charge and the hearing before the magistrate is merely to ascertain whether there are sufficient grounds for holding defendant for trial. The actual charge on which defendant is subsequently tried is contained in the indictment which is prepared by the district attorney and it is required to be technically accurate. But in summary offenses the information contains the entire charge on which defendant is tried and the facts alleged must be sufficient to make out the offense under the provisions of The Vehicle Code.

It follows that the information in the present case is fatally defective and defendant's motion to quash the information must be granted.

And now, April 18, 1955, the information in the above case is quashed, the costs to be paid by the County of Adams.