## Commonwealth *v.* Buford, Appellant.

Argued April 15, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, and ERVIN, JJ. (WOODSIDE, J., absent).

*Charles B. Jarrett,* for appellant.

*Harry A. Estep,* with him *Charles D. Coll,* Special Deputy Attorneys General, and *Herbert B. Cohen,* Attorney General, for appellees.

OPINION BY WRIGHT, J., September 28, 1955:

The Attorney General of the Commonwealth petitioned the Court of Quarter Sessions of Allegheny

County for the calling of a special grand jury to investigate vice and crime, inter alia, in the Borough of Homestead. Ben Buford was, and is, a police officer in said Borough. Subpoenaed by the Commonwealth, and sworn by the presiding judge, Buford appeared as a witness before the investigating body on February 28, 1951. As a result of his testimony, the special grand jury recommended that Buford be indicted for perjury. On November 9, 1951, the regular grand jury returned a true bill. A motion to quash was overruled and refused. On April 30, 1953, after a four day trial, the petit jury returned a verdict of guilty. Motions in arrest of judgment and for a new trial were denied, and Buford has appealed.

Appellant first contends that the lower court erred in refusing to arrest judgment on the ground, previously set forth in the motion to quash, "that the language of the indictment was vague, indefinite and uncertain". The indictment avers that appellant wilfully, knowingly, feloniously, falsely and corruptly swore that he did not know that gambling establishments, houses of ill fame, lotteries and bootlegging establishments had been operating in the Borough of Homestead, that he had not at any time had notice that such illegal establishments and operations had been conducted in the Borough of Homestead, and that he had not at any time visited and been in any of the said establishments, "which aforesaid statement was false, inasmuch as in truth and fact, as he, the said Ben Buford, well knew on the twenty-seventh day of May in the year of our Lord one thousand nine hundred and fifty, and at divers times prior thereto, had been in a gambling establishment in the said Borough of Homestead, to wit: a gambling establishment on Sixth Avenue, between Ann and Amity Streets, Homestead".

Appellant argues that the indictment "fails to allege a specific address on Sixth Avenue between Ann and Amity Streets where the defendant is alleged to have falsely sworn that he had not visited on May 27, 1950 . . . or some circumstances which would pinpoint the premises involved. Furthermore, the indictment fails to include the questions asked and the answers given before the investigating grand jury and clearly designating which answers were material and false". Our conclusion is that the language in question was sufficient to inform appellant of the charge which he was called upon to answer and to protect him against a second conviction for the same offense. See *Commonwealth v. Campbell,* 116 Pa. Superior Ct. 180, 176 A. 246. In passing upon the sufficiency of criminal pleadings, courts look more to substantial justice than to technicalities: *Commonwealth v. Romesburg,* 91 Pa. Superior Ct. 559. Over nice exceptions are not to be encouraged, especially in non-capital cases: *Commonwealth v. Batch,* 120 Pa. Superior Ct. 592, 183 A. 108. Specifications of the evidence to be adduced need not be shown: *Commonwealth v. Wilcox,* 112 Pa. Superior Ct. 240, 170 A. 455, affirmed 316 Pa. 129, 173 A. 653. As pointed out in the *Wilcox* case, if an indictment is deemed vague and indefinite, a bill of particulars may be ordered.

Appellant's second contention is that his demurrer to the evidence should have been sustained. At the trial the Commonwealth first introduced the pertinent portion of appellant's testimony before the special grand jury. Michael Hickey then testified that he was familiar with Sixth Avenue between Ann and Amity Streets, that he had been there frequently in 1949, that there were then operating some sixteen to twenty "houses of prostitution and gambling houses" in which he had observed gambling and solicitation, and that

appellant was often present on these occasions. John J. Jenkins gave somewhat similar testimony as to both 1949 and 1950. Ray Sprigle and Bernard Sippos testified concerning a planned visit to an establishment at 238 Sixth Avenue during the late evening of May 27 and early morning of May 28, 1950, where they engaged in gambling and observed solicitation, and that appellant was present at that time.

. Appellant argues that the Commonwealth failed to prove the purpose of the special grand jury investigation, that the Commonwealth failed to prove the materiality of the alleged perjured testimony, and that his testimony before the investigating body and the testimony of the Commonwealth witnesses were not necessarily contradictory. In *Commonwealth v. Billingsley*, 160 Pa. Superior Ct. 140, 50 A. 2d 703, affirmed 357 Pa. 378, 54 A. 2d 705, the elements of the crime of perjury are set forth as follows: "(a) An oath to tell the truth must be taken by the accused, and (b) administered by legal authority, (c) in a judicial proceeding (or statutory affidavit). (d) The accused must have testified in such proceeding, and (e) his testimony must be material to the judicial proceeding. (f) The testimony assigned as perjury must be false, and (g) must be given wilfully, and corruptly, and with knowledge of its falsity (or given recklessly) and for the purpose of having it believed".[1] Appellant admitted the first four elements at the outset of the trial, and here concedes that the last two elements were properly

---

[1] The Model Act On Perjury drafted by the National Conference of Commissioners on Uniform State Laws eliminates the unreasonable requirement that, if a person makes contradictory statements under oath, he may not be convicted of perjury unless the indictment charges and the prosecution proves which statement is false. See *Commonwealth v. Mudd*, 176 Pa. Superior Ct. 250, 107 A. 2d 599; allocatur refused 176 Pa. Superior Ct. xxvi.

questions of fact for the jury. He contends, however, "that the materiality of the subject matter inquired into by the investigating grand jury and the materiality of the defendant's answers must be proved by proper evidence and submitted to the jury as a question of fact to be determined by them". The purpose of the investigation by the special grand jury was a matter of record in the court below of which the trial judge might, and did, take judicial notice, and explain to the jury. The question of materiality was one of law for the trial judge: *Steinman v. McWilliams*, 6 Pa. 170; *Commonwealth v. Stern*, 58 Pa. Superior Ct. 591; *Commonwealth v. Garvey*, 65 Pa. Superior Ct. 56. Our review of the record clearly reveals the contradiction between appellant's testimony before the special grand jury and the testimony of the Commonwealth's witnesses. We conclude that the demurrer to the evidence was properly overruled.

Appellant's third contention is that the testimony of Hickey and Jenkins was not admissible. This testimony established the general character of the houses on Sixth Avenue, and appellant's presence there. It indicated that appellant was not, and could not possibly have been, ignorant of the unlawful establishments openly in operation. Appellant's knowledge was an essential element to be established by the Commonwealth. There is no merit in this contention.

Appellant's fourth and final contention is that the trial judge erred "in charging that the materiality of the subject matter inquired into by the grand jury and the subject matter of the alleged perjury was a matter of law, thereby taking the consideration of this question from the jury". As we have previously demonstrated, materiality is a question of law. The charge of the trial judge in this connection was entirely proper.

318

The judgment is affirmed, and it is ordered that appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence, or any part of it which had not been performed at the time this appeal was made a supersedeas.