## Commonwealth v. Woolcutt

*John Q. Stranahan,* for Commonwealth.

*Michael J. Wherry,* for defendant.

McKAY, J., December 31, 1962. — In this case, defendant has moved to quash the indictment returned against him. On December 31, 1962, we overruled the demurrer. This opinion is in support of our action.

The indictment alleges that on October 18, 1962, "The building of the Travelers Hotel, 111 College Avenue, Grove City, Pennsylvania, there situate, feloniously and burglariously did wilfully and maliciously enter, with intent the goods, chattels, moneys and property of the said Travelers Hotel in the said building then and there being, then and there feloniously and burglariously to steal, take and carry away."

The demurrer challenges the indictment on the ground that there is no such entity as the Travelers Hotel. At the argument it was agreed that the Travelers Hotel is the fictitious name used by one John Tropasso, its owner, for the conduct of a hotel business in the Borough of Grove City.

Certain principles are applicable to the question before us.

(1) In passing on the sufficiency of criminal proceedings courts look more to substantial justice than to technicality: Commonwealth v. Buford, 179 Pa. Superior Ct. 312.

(2) Every indictment shall be deemed and adjudged sufficient and good in law which charges the crime substantially in the language of the Act of Assembly prohibiting the crime, and prescribing the punishment, if any such there be: Act of March 31, 1860, P.L. 427, sec. 11, 19 PS §261.

(3) An indictment must be notification to the defendant of the charge he has to meet: Commonwealth v. Petrillo, 338 Pa. 65.

(4) Over nice exceptions to sufficiency of indictment should not be permitted, especially in cases which do not touch the life of the defendant: Commonwealth v. Batch, 120 Pa. Superior Ct. 592.

A demurrer questions the legal sufficiency of the indictment to sustain a conviction or its sufficiency as to form. The sole question of law raised by the demurrer is whether the facts and circumstances set out con-

stitute a violation of the law: Sadler, Criminal Procedure in Pennsylvania, §330.

With these principles in mind, looking at the indictment in the present case, it is clear that it sufficiently charges that defendant committed the offense of burglary by breaking and entering the Travelers Hotel in Grove City with intent to commit a felony therein, namely the crime of larceny.

The crime of burglary is defined as:

"Whoever, at any time, wilfully and maliciously, enters any building with intent to commit any felony therein, is guilty of burglary . . .": Act of June 24, 1939, P.L. 872, sec. 901, 18 PS §4901.

It is apparent from the definition that the offense of burglary is committed when an offender enters a building with intent to steal property therein. It matters not that he does not have any particular person in mind whose property he intends to steal. This situation could well arise in the burglary of goods of guests in a hotel, where a burglar would ordinarily be unlikely to know the name of the guests registered therein.

Defendant cites Commonwealth v. Kugler, 2 D. & C. 514, wherein an indictment for larceny of the property of an estate was held insufficient on the ground that there is no such entity as an estate. That case would be available as authority in the instant case if the present defendant were charged with larceny, for an indictment for that offense should allege whose goods were stolen, if name is known, which must be someone other than defendant himself.

In burglary, as distinguished from larceny, the essence of the crime is not the act of stealing, but the act of breaking and entering with intent to steal.

It follows that the demurrer must be overruled.