**UNITED STATES of America ex rel. Otis TATE**

v.

**Eugene A. POWELL, Superintendent, State Correctional Institution, Huntington, Pennsylvania.**

Civ. A. No. 70–3532.

United States District Court,
E. D. Pennsylvania.

April 12, 1971.

Otis Tate, pro se.

Arlen Specter, Dist. Atty., T. Michael Mather, Asst. Dist. Atty., Philadelphia, Pa., for respondent.

## OPINION

JOSEPH S. LORD, III, District Judge.

Relator here seeks a writ of habeas corpus. He alleges denial of due process of law by virtue of (a) the application of the M'Naghten Rule as the test for insanity by the courts of Pennsylvania; (b) the application of a burden of proof requiring defendant to establish his insanity by a preponderance of evidence,

and (c) the trial court's conclusion (non-jury) that relator had not met the burden of proof.

An earlier petition by relator was dismissed without prejudice for failure to exhaust state remedies, see United States ex rel. Tate v. Russell, Misc. No. 69-412, August 28, 1969 (E.D.Pa., 1969). Since that time relator has filed and lost appeals in the Superior and Supreme Courts of Pennsylvania. Respondent does not dispute that relator has exhausted his state remedies.

■ Relator's alleged offenses took place between July, 1962 and April, 1963. On August 5, 1963, the Court of Common Pleas for Philadelphia County appointed a commission under the Mental Health Act which determined that relator was mentally ill and of criminal tendencies. Relator was not deemed to be able to stand trial until July, 1966. At the trial, without a jury, relator pleaded not guilty by reason of insanity and sanity was the only issue. The only evidence on behalf of relator was his medical record. Dr. Abraham Ornsteen, a member of the commission appointed to examine relator, was the only witness for the Commonwealth. However, his uncontradicted testimony was more than sufficient to establish that relator knew the nature and quality of his acts and the difference between right and wrong. (State Trial Record pp. 17, 18, 20–21, 51, 66).

Relator was found guilty of the offenses charged and was sentenced to 10 to 20 years. It is apparent from the trial record that the court and counsel followed Pennsylvania law which requires (1) the application of the M'Naghten test for insanity, and (2) the requirement that defendant prove his insanity by a preponderance of the evidence.

■ The application of the M'Naghten test was not a deprivation of the relator's due process rights. In Leland v. Oregon, 343 U.S. 790, 801, 72 S. Ct. 1002, 1008, 96 L.Ed. 1302 (1952), the Court stated that:

"* * * The science of psychiatry has made tremendous strides since the test was laid down in M'Naghten's case, but the progress of the science has not reached a point where its learning would compel us to require the states to eliminate the right and wrong test from their criminal law. Moreover, choice of a test of legal sanity involves not only scientific knowledge but questions of basic policy as to the extent to which that knowledge should determine criminal responsibility. * * * *"

In United States ex rel. Phelan v. Brierly (C.A.3, 1971), the court said:

"* * * Since a new trial may be held, however, we think it appropriate to state that unless the Supreme Court should overrule Leland v. Oregon, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952), this court would have no occasion to question the constitutionality of Pennsylvania's continued adherence to the M'Naghten Rules as the test for criminal responsibility."

We, of course, are similarly bound.

Relator's second contention is that the Pennsylvania rule requiring a defendant to prove his insanity by a preponderance of the evidence violates his 14th Amendment rights.

There is no doubt that the Pennsylvania rule is and has been for many years that:

"Since the sanity of an individual is always presumed, one who asserts insanity in defense of the commission of a crime has the burden of proving its existence by a fair preponderance of the evidence. * * * As stated in Commonwealth v. Iacobino, 319 Pa. 65, 178 A. 823 (1935), at 68, 'The presumption of sanity, which is the normal condition of man, "holds good, and is the full equivalent of express proof until it is successfully rebutted"'; * * * and again, at 69, 'Where mental capacity at the time of the act is an issue, the Commonwealth

is aided by the presumption of sanity, it is not required to prove affirmatively mental capacity to commit the act.'" Commonwealth v. Updegrove, 413 Pa. 599, 198 A.2d 534, 536 (1964).

There is equally no doubt that the trial judge applied this rule in his determination of relator's guilt. (State Trial Record, pp. 81, 82).

The question of whether or not the prosecution must prove sanity beyond a reasonable doubt once the issue is raised has been resolved variously in various jurisdictions. In Davis v. United States, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499 (1895), the Court said:

"* * * Upon that plea (not guilty by reason of insanity) the accused may stand, shielded by the presumption of his innocence, until it appears that he is guilty; and his guilt cannot in the very nature of things be regarded as proved, if the jury entertain a reasonable doubt from all the evidence whether he was legally capable of committing crime." (Parenthesis added). 160 U.S. 469 at 485–486, 16 S.Ct. 353 at 357.

See also United States v. Currens, 290 F.2d 751 (C.A.3, 1961).

However, in Leland v. Oregon, 343 U.S. 790 at page 797, 72 S.Ct. 1002, at page 1007, 96 L.Ed. 1302 (1952), supra, where an Oregon statute imposing on defendant the burden of proving insanity beyond a reasonable doubt was challenged, the Court said of Davis:

"The decision obviously establishes no constitutional doctrine, but only the rule to be followed in federal courts. As such, the rule is not in question here."

Finally, in 1970, in In re Winship, 397 U.S. 358, at page 364, 90 S.Ct. 1068, at page 1073, 25 L.Ed.2d 368, the Court said:

"Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."

Winship, however, does not answer the question. As we read that case, it did nothing more than to impose on the states, through the 14th Amendment, the requirement of proof of every fact essential to the crime beyond a reasonable doubt. It did not undertake to demand as a constitutional dogma that the states require any particular facts as elements of the crime. Hence, we cannot read Winship as overruling, sub silentio, Leland v. Oregon, supra, where the majority posited the fact that Oregon law did require the proof of every element of the crime, of which, under Oregon state law, proof of sanity was not one. The dissent disagreed, and so do we on a conceptual basis, but the dissent is not the law by which we are governed. It is one thing to say that proof of every element of the crime beyond a reasonable doubt is constitutionally mandated; it is quite a different thing to say that the Constitution requires that a state define the elements of its own internal crimes in a particular way. From Leland it seems clear that there is no constitutional interdiction that would prevent a state from fashioning its own rule whereby sanity is not an ingredient of the crime, but is instead an affirmative defense designed to avoid punishment.

We must, therefore, turn to Pennsylvania law to determine whether sanity is an element of the crime or an affirmative defense. In Ortwein v. Commonwealth, 76 Pa. 414, at page 423 (1874), the court said:

"* * * Insanity is a defense. It presupposes the proof of the facts which constitute a legal crime, and is set up in avoidance of punishment. * * *"

Most recently, in Commonwealth v. Vogel, 440 Pa. 1, 268 A.2d 89 (1970), the defendant presented ample evidence to support his defense of insanity. The

Commonwealth offered no evidence in rebuttal. The conviction was reversed, two Justices dissenting. In an opinion joined in by Justice O'Brien, Justice Jones recognized the distinction between sanity as an element of the crime and insanity as a defense. He said, at pages 8 and 9, 268 A.2d at page 93:

"In the federal courts, the sanity of the defendant must be proven by the prosecution beyond a reasonable doubt, once the issue has been properly raised. Lynch v. Overholser, 369 U.S. 705, 82 S.Ct. 1063, 8 L.Ed.2d 211 (1962); Davis v. United States, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499 (1895). The issue of sanity is treated as an element of the crime which the prosecution must prove once the question of sanity is contested. Apparently, this is also the position of twenty-two of the states. Annot., 17 A.L.R. 3d 146, 158–59 (1968). If viewed as an element of the crime, it might be argued that due process would *require* the prosecution to prove sanity beyond a reasonable doubt. * * *" (Emphasis, the court's).

Justice Jones then stated his view as to the law in Pennsylvania, at page 10, 268 A.2d at page 94:

" * * * Inherent in this rule [that defendant has the burden of proving insanity by a preponderance of the evidence] is the rationale that sanity is *not* an element of the crime but, rather, involves the ability to understand and comprehend the right and wrong of the commission of the crime, a state of mentality which would render punishment by way of confinement in a penal institution futile and would require institutional confinement of the defendant for treatment rather than for punishment. *Cf.* Act

of October 20, 1966, [Spec.Sess. No. 3] P.L. 96, art. IV, § 413, 50 P.S. § 4413. In my view, insanity is a defense upon the proof of which an accused may avoid punishment for the crime committed. * * *" (Emphasis, the court's).

Justice Roberts and Justice Pomeroy filed concurring opinions for reversal in which they urged adoption of a rule requiring proof of sanity beyond a reasonable doubt, once the issue is raised. Chief Justice Bell, joined by Justice Eagen, dissented. Thus, Pennsylvania's position was left somewhat murky, until Commonwealth v. Zlatovich, 440 Pa. 388, 269 A.2d 469 (1970). In that case, Justice Eagen, for the majority, said at page 393, 269 A.2d at page 471:

"It is next complained that the trial court erred in its instructions to the jury on the burden of proof as to the issue of insanity. In the course of the charge, the court stated, in part, that the accused had the burden of proving insanity by the preponderance of the evidence and that the Commonwealth did not have to affirmatively prove sanity. Appellant argues that it was erroneous to so instruct the jury, however, this same contention was rejected by a majority of this Court in Commonwealth v. Vogel, *supra*, and nothing would be gained by further discussion here. * * *"

██ In light of Justice Jones' reasoning in *Vogel* and the later result in *Zlatovich*, in which four justices concurred, we must conclude that in Pennsylvania proof of sanity is not an element of the crime, but an affirmative defense as to which the Commonwealth may constitutionally put the burden of proof on the defendant.