## Commonwealth v. Brown

*Kevin A. Hess,* Assistant District Attorney, for Commonwealth.

*Nelson M. Galloway,* for defendant.

SHUGHART, P. J., May 8, 1974.—Defendant has filed an application for pretrial relief. There are four bases for relief alleged and they shall be treated separately.

*I. Motion to strike transcript and quash indictment.*

The first basis for pretrial relief is a request that the indictment be quashed because a prima facie case was not presented at the preliminary hearing. The record in the case shows that after the preliminary hearing on February 14, 1974, defendant was bound over for court and posted bond. It is well established that when a defendant has given bail for court appearance, a motion to quash the indictment on the ground that it lacks support of a complaint was properly overruled: Commonwealth v. Mazarella, 86 Pa. Superior Ct. 382; Commonwealth v. Murray, 217 Pa. Superior Ct. 307, 309; Commonwealth v. Manni, 223 Pa. Superior Ct. 403, 407. In the Manni case, supra, the court said, at page 407:

"The courts of this Commonwealth have consistently held that a defendant by his actions may waive a defective complaint or information . . . [citations omitted]. To now permit a defendant to wait until

after an indictment is handed down to attack the complaint would violate this traditional theory of waiver. Accordingly, we hold that the appellee by waiting until after indictment to attack the defective complaint has waived his right to object."

We have no difficulty in concluding that if a defect in a complaint is waived by waiting until after an indictment has been found, so likewise is the alleged failure of the Commonwealth to present a prima facie case at the preliminary hearing. If there was lacking such case before the grand jury, the indictment would have been refused; conversely, if a prima facie case was presented before the grand jury, which we must assume was the case here, then the failure to produce such case before the district justice of the peace is of no moment.

*II. Motion to suppress evidence.*

The evidence of the Commonwealth at the suppression hearing revealed that two officers of the Carlisle Police Department served a warrant on defendant in front of the poolroom on West High Street in Carlisle, which warrant had been issued on complaint of an officer of the Pennsylvania State Police. After the warrant was read to defendant, a search of his person revealed that he had in his right rear trouser pocket a loaded .38 caliber revolver. Defendant has moved to suppress the firearm. Defendant took the stand and testified that he was not at any time placed under arrest prior to the search, and for this reason the search was unwarranted and violative of his constitutional rights. We encounter no difficulty in accepting the testimony of the police officers as true and, therefore, find that defendant was placed under arrest and that the search of his person, which revealed the presence of the firearm, was warranted and justified: Chimel v. California, 395 U. S. 752, 89

S. Ct. 2034, 23 L.Ed. 2d 685; Commonwealth v. Freeman, 222 Pa. Superior Ct. 178, 183; Commonwealth v. Rota, 222 Pa. Superior Ct. 163, 167.

Defendant offered into evidence transcript of the case for which the warrant served by the police officers in this case was issued. The avowed purpose was to show that that charge against defendant was dismissed for the failure of the complaining witness to appear.

There is nothing in the record before us to indicate that the warrant which the police officers served on defendant in this case was in any way deficient or invalid. The fact that the complaint which brought about the issuance of the warrant was subsequently dismissed in no way invalidates it, nor invalidates the search of defendant made when the warrant was executed. No case has been cited to us, nor has our research revealed any, which considers the effect of a search made pursuant to an invalid arrest warrant. It would seem, however, that, even in such a case, unless the invalidity was known to the arresting officer, he would have probable cause for making the arrest and the search incident thereto would be valid. See United States v. Wilson, 451 F.2d 209, 214. We conclude that the search in this case was not rendered invalid because, following the execution of the warrant, the case was dismissed for failure of the prosecuting witness to appear.

*III. Motion to dismiss.*

Defendant has moved to dismiss the action on the ground that the statute creating the offense is unconstitutional because it ". . . imposes upon the defendant the burden of proving his innocence." This allegation is based on the fact that to escape prosecution under section 1 of the Pennsylvania Firearms Act of December 6, 1972, P. L. 1068 (no. 334), 18 C. P. S. A.

§6102, defendant must show that he was exempt or excepted from the licensing provision. The general rule is that where an exception is incorporated in the enacting clause of a criminal statute, the burden is on the prosecution to establish the fact that defendant is not within the exception, but the burden is on defendant to bring himself within an exception made by proviso or other clause distinct from the enacting clause: McKelvey v. United States, 260 U. S. 353, 43 S. Ct. 132, 67 L.Ed. 301. See 153 A. L. R. 1218 (1944). See also Commonwealth v. Fahey, 113 Pa. Superior Ct. 598, 602; Commonwealth v. Batch, 120 Pa. Superior Ct. 592, 596.

This principle has been applied by our courts to the original firearms statute enacted in the Commonwealth and it has been expressly ruled that a conviction of the offense of carrying a firearm without a license may be sustained even though the Commonwealth does not affirmatively prove the absence of a license: Commonwealth v. Anderson, 191 Pa. Superior Ct. 213, 218; Commonwealth v. Townsend, 211 Pa. Superior Ct. 135, 138. As we understand the argument of counsel for the defendant, this construction relieves the Commonwealth of the burden of proving all of the elements of the offense beyond a reasonable doubt and, therefore, violates the due process clause of the United States Constitution. With this conclusion, we cannot agree.

In the case In re Winship, 397 U. S. 358, 364, 90 S. Ct. 1068, 1073, 25 L. Ed. 2d 368, the court said:

"Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact *necessary*

to constitute the crime with which he is charged." (Italics supplied.)

In United States ex rel. Tate v. Powell, 325 F. Supp. 333, 335, Judge Lord said:

"Winship, however does not answer the question. As we read that case, it did nothing more than to impose on the states, through the 14th Amendment, the requirement of proof of every fact essential to the crime beyond a reasonable doubt. It did not undertake to demand as a constitutional dogma that the states require any *particular facts as elements of the crime.* Hence, we cannot read Winship as over-ruling, sub silentio, Leland v. Oregon, supra, where the majority posited the fact that Oregon law did require the proof of every element of the crime, of which, under Oregon state law, proof of sanity was not one. . . . It is one thing to say that proof of every element of the crime beyond a reasonable doubt is constitutionally mandated; it is quite a different thing to say that the Constitution requires that a state define the elements of its own internal crimes in a particular way. From Leland it seems clear that there is no constitutional interdiction that would prevent a state from fashioning its own rule whereby sanity is not an ingredient of the crime, but is instead an affirmative defense designed to avoid punishment." (Italics supplied).

Judge Lord went on to hold that under Pennsylvania law, proof of sanity is not an element of the crime of murder but an affirmative defense as to which the Commonwealth could place the burden on defendant. We need not concern ourselves with whether or not Pennsylvania law may now apply a different rule to sanity. Suffice it to say that under Pennsylvania law, as indicated in Townsend and An-

derson, supra, the burden of proof rests with defendant to establish the fact that he falls under one of the exceptions which relieves him from culpability under the Firearms Act, and this requirement does not violate the due process clause of the United States Constitution.

*IV. Motion to sever and continue.*

In addition to the indictment referred to above, defendant was also indicted to May term, 1974, no. 146, on a charge of operating a motor vehicle while under the influence of intoxicants. Defendant has moved that the two cases be severed for the purpose of trial and that one case be continued to the next criminal term. Since the cases were never joined, the proper motion was that the two cases not be consolidated. The assistant district attorney stated on the record that there would be no attempt to join the two cases for trial and that one case only would be tried at this term. These questions are, therefore, moot.

## ORDER OF COURT

And now, May 8, 1974, for the reasons set forth above, defendant's motion to quash the indictment, the motion to suppress evidence and the motion to dismiss are all overruled and the petitions therefor dismissed.

With the concurrence of the district attorney, the motion for separate trial of this case and May term, 1974, no. 146, is granted; further, only one of the cases will be tried at the May 1974 term of court.