419 A.2d 518

**COMMONWEALTH of Pennsylvania,**

v.

**Charles J. LAFFERTY, Appellant.**

Superior Court of Pennsylvania.

Argued March 21, 1979.

Filed March 21, 1980.

Reargument Denied May 19, 1980.

Petition for Allowance of Appeal Denied Oct. 2, 1980.

402

Ronald F. Kidd, Philadelphia, for appellant.

Sheldon Finkelstein, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas, Trial Division, Criminal Section, of Philadelphia County, by the defendant–appellant, Charles J. Lafferty, after conviction by a jury on charges of perjury. The defendant filed post–verdict motions in arrest of judgment and for a new trial. On September 13, 1978, the court below granted defendant's motion for a new trial on the ground that the prosecutor made inflammatory, improper and prejudicial remarks to the jury during his summation. Defendant now appeals the trial court's denial of his motion in arrest of judgment.[1]

Defendant and his brother were equal partners in Pennsylvania Machine Works, a Philadelphia company, which manufactured forged steel fittings for industrial use. This process involved the use of several large machines. On February 5, 1970, the property of defendant's company was condemned by the Philadelphia School District and the parties could not agree on a price to be paid by the condemnor for the property taken via the condemnation. Ultimately the matter of just compensation for the taking was tried civilly before a jury. This trial took place on June 17, 1974. The defendant testified at the trial that he had made

1. Interlocutory Appeal. *Rules of Appellate Procedure Rule 311(b).*

modifications to his large machines which rendered them immovable without risk of severe damage to them. The jury then awarded defendant compensation for the value of the machines in the amount of $700,000. The value of the real estate was determined to be $250,000 by the jury. The Philadelphia School District subsequently moved for a new trial claiming, inter alia, that "after–discovered evidence" which proved that defendant had lied about alterations having been made to the machinery warranted a new trial. This motion was denied by the court below on September 11, 1975 and the denial was affirmed by the Commonwealth Court on November 16, 1977. Petition for Allocatur to the Supreme Court of Pennsylvania was denied by the Supreme Court on November 17, 1977 and a Petition for Re–Hearing was denied by the Supreme Court on August 3, 1978.

On June 28, 1977, defendant was charged with perjury in the instant proceeding. The criminal complaint charged that he uttered a false statement under oath when he testified at the eminent domain trial that the machinery in question could not be moved without great risk of damage to it due to the fact that the machines had been rebuilt and altered in place in the plant. Defendant claims that his motion for arrest of judgment should have been granted because the evidence adduced at his perjury trial was insufficient to sustain the charge and because there existed a fatal variance between the charges in the information and the proof presented against defendant at his trial.

To understand this case it is necessary to understand the Assembled Economic Unit Doctrine as it applies to condemnation cases. Generally, when a condemnation of someone's property takes place the property owner is entitled to be compensated for the real estate appropriated by the governmental body, but he is not entitled to compensation for personal property because that can be moved to a new location and therefore has not been "condemned". The Assembled Economic Unit Doctrine is an exception to the general rule. Under that doctrine a condemnee is entitled to compensation for the value of personal property such as

machinery if he can show that the machines cannot be moved to a new location without significant damage to them or if he can prove that the building and machinery are a unique situation which could not be duplicated by disassembling the machinery and reassembling it at another location. *Singer v. Oil City Redevelopment Authority*, 437 Pa. 55, 261 A.2d 594 (1970). It is, therefore, apparent that the question as to whether an identifiable "economic unit" consisting of machinery or other assets can be reconstructed elsewhere has a significant bearing on all condemnation cases because if it cannot be moved elsewhere then the condemnee is entitled to recover the value of such machinery or other assets, as well as, the value of his real estate, thereby increasing his award of damages.

The offense of perjury is defined as follows:

"Perjury.

(1) Offense defined.–A person is guilty of perjury, a felony of the third degree, if in any official proceeding he makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of a statement previously made, when the statement is material and he does not believe it to be true.

(b) Materiality.–Falsification is material, regardless of the admissibility of the statement under rules of evidence, if it could have affected the course or outcome of the proceeding. It is no defense that the declarant mistakenly believed the falsification to be immaterial. Whether a falsification is material in a given factual situation is a question of law. *18 Pa.C.S.A. Sec. 4902.*

At the condemnation trial the defendant testified that the machines in his building could not be moved without great danger of damage to them because the machines had been rebuilt and altered in place in the building. At the defendant's criminal trial the Commonwealth introduced defendant's statements regarding the machines and also introduced evidence that the sleeve bearings on two Goss and DeLeeuw machines had not been changed to taper roller bearings, and that the bases of the two machines had not been rebored, as

defendant had claimed during the condemnation trial. Defendant introduced evidence to the effect that the machines were purchased used by the defendant, were not operational when purchased, and were disassembled and rebuilt in place with some alterations and modifications by the defendant. Defendant now claims that even if his specific testimony relative to sleeve bearings on the two Goss and DeLeeuw machines and the reboring of the machines was false that evidence of such was insufficient to convict him of perjury because said falsities, though made under oath, were not "material" because they could not have affected the jury's verdict.

Defendant bases his claim on the fact that in the civil case the jury answered an interrogatory indicating that it based its award on the Assembled Economic Unit Doctrine and found that defendant's plant could not be disassembled and then reassembled elsewhere in such a manner so as to duplicate the plant elsewhere. There was testimony during that trial to the effect that defendant's building itself had certain unique characteristics that could not be duplicated in another building and the jury so found. Thus, defendant's contention is that his testimony regarding certain adjustments made to the machinery in the plant, though false, did not affect the jury's verdict and was, therefore, not material. Defendant claims that since the jury found specifically that the building itself was unique that the issue of the movability of the machinery was immaterial because even if the machinery could have been moved defendant's plant could not have been reassembled elsewhere. However, the jury was also asked to answer an interrogatory as to whether it found that the machines were not movable. The jury found that the machines were not movable. Defendant claims that even though the jury so found, that defendant's testimony still did not amount to perjury because even if the parts were movable the uniqueness of defendant's building, in and of itself, necessitated the jury's finding that the machinery had been "condemned".

■ The crime of perjury is not synonymous with "false testimony". In order to constitute the crime of perjury several elements must be present, among which is the requirement that the false testimony must have been material to the proceeding at which it was made. *Commonwealth v. Yanni*, 208 Pa.Super. 191, 222 A.2d 617 (1966). The issue as to whether false testimony is material to the proceeding is a question of law. *Commonwealth v. Buford*, 179 Pa.Super. 312, 116 A.2d 759 (1955); *18 Pa.C.S.A. 4902(b)*.

■ A false statement, made under oath, is material "if it could have affected the course or outcome of the proceeding". *18 Pa.C.S.A. 4902(b)*. Materiality is to be determined as of the time that the false statement was made. *U. S. v. Stone*, 429 F.2d 138 (2d Cir. 1970); *U. S. v. Larocca*, 245 F.2d 196 (3rd Cir. 1957); *70 C.J.S. Perjury § 11, pp. 466–467*. Furthermore, the test of the materiality of a false statement is whether it *can* influence a fact–finder, not whether it *does*. The fact that the false testimony was unnecessary to accomplish the end in view will not render it immaterial. *70 C.J.S. Perjury § 11, pp. 466–467*. [Emphasis ours].

■ In applying the above principles to the instant case we can readily see that the defendant's first contention is incorrect. At the condemnation trial defendant testified as to certain specific alterations to his plant machinery which testimony proved to be false. This testimony was material because defendant was advancing two theories under the Assembled Economic Unit Doctrine: (1) that he was entitled to compensation for the machinery because it could not be moved due to certain alterations he had made to it, *and* (2) that the building and machinery constituted a unique situation which could not be duplicated elsewhere and that therefore he was entitled to compensation for the machinery, as well as, the real estate. Under either theory defendant could have succeeded in his claim for compensation for the loss of the machinery. Thus his testimony relative to the immovability of the machinery due to the alterations was material to the main issue of the case *at the time defendant testified.* The fact that the jury also found that the build-

ing was unique thereby accepting defendant's alternate theory regarding compensation does not render his testimony relative to the alterations immaterial, even though such false testimony proved in the end to be unnecessary. For this reason we reject defendant's first contention of error.

Defendant's second contention is that a fatal variance existed between the complaint or information filed against the defendant and the proof adduced by the Commonwealth at trial. More specifically defendant contends that the information filed against the defendant was not sufficiently specific as to the defendant's belief in the false testimony he gave and that the Commonwealth failed to produce sufficient evidence at trial to establish that element of the crime of perjury. The elements of the crime of perjury are as follows: "(a) An oath to tell the truth must be taken by the accused, and (b) administered by legal authority, (c) in a judicial proceeding (or statutory affidavit). (d) The accused must have testified in such proceeding, and (e) his testimony must be material to the judicial proceeding. (f) The testimony assigned as perjury must be false, and (g) must be given wilfully, and corruptly, and with knowledge of its falsity (or given recklessly), and for the purpose of having it believed." *Commonwealth v. Yanni*, supra. With regard to element (g) of the above test (having to do with the belief of the defendant) the information charged defendant as follows:

"CHARLES J. LAFFERTY in an official proceeding, under oath or equivalent affirmation, feloniously did make a false statement, or swear or affirm the truth of a statement previously made, when the statement was material and the defendant did not believe it to be true.

"Official Proceeding–Civil proceedings for the determination of the amount of damages that might be due Pennsylvania Machine Works.

"Oath or Equivalent Affirmation–Administered by Judge Jacob Kalish of the Court of Common Pleas of Philadelphia.

"False Statement–Did unlawfully, wilfully, feloniously, corruptly and falsely swear and testify that Pennsylvania Machine Works' machinery and equipment could not be moved without great danger to the machines and equipment because he, CHARLES J. LAFFERTY, personally had improved the machinery thereby strengthening its work productivity and efficiency but weakening the base structure so that any movement would damage the machinery and substantially decrease its value.

"Materiality–It being material to the jury in determining the amount of damages to decide whether Pennsylvania Machine Works could move its machinery from the existing location to its new business location or whether Pennsylvania Machine Works was entitled to damages sufficient to buy replacement machinery.

"Belief of Defendant–That, he, CHARLES J. LAFFERTY, then and there well knew that he had never performed any work on the machines he claimed to have improved and that the machines had never been altered from the time they were originally manufactured and the said CHARLES J. LAFFERTY did then and there unlawfully, wilfully and corruptly commit wilful and corrupt perjury."

Defendant claims that since the evidence demonstrated that defendant did perform certain alterations and modifications of the machinery that the Commonwealth failed to prove what it alleged in its information and that the variance between what was alleged and what was proved was fatal to the Commonwealth's case against defendant. At trial the Commonwealth did produce sufficient evidence to prove that defendant testified falsely regarding certain specific alterations or modifications to the machinery which were, in fact, not made. Defendant claims that the information should have specified the false statements made by defendant in detail. We are convinced that a reading of the entire criminal complaint indicates that the defendant was fairly appraised of the charges the Commonwealth intended to prove against him. An information charging a defendant

with perjury need not set forth the exact language alleged to be perjurious. *Commonwealth v. Davenport*, 255 Pa.Super. 131, 386 A.2d 543 (1978); *Commonwealth v. Buford*, supra. So long as the information is sufficient to inform the defendant of the charge he is called upon to answer, and to protect him against a multiple conviction for the same criminal act it is not unduly vague. In our case the information was sufficient to alert defendant to the charges being brought against him and was sufficient to enable him to prepare a defense to those charges. As such we also reject defendant's second contention and hold that sufficient evidence was produced to demonstrate that defendant did in fact testify falsely as to certain, specific alterations he claimed to have performed on the machinery which he did not perform and which he knew he did not perform.

Order affirmed.