Commonwealth, Appellant, *v.* Pope.

Argued January 11, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Louis A. Perez, Jr.,* Assistant District Attorney, with him *David Richman,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellant.

*Mike Hanford,* Assistant Defender, with him *John W. Packel,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellee.

OPINION BY MR. JUSTICE ROBERTS, March 25, 1974:

The prosecution of Phillip Pope for violation of the Pennsylvania Uniform Firearms Act raises the narrow questions (1) whether the unlicensed carrying in Philadelphia of a rifle with a 22-inch barrel constitutes a violation of the Act, and (2) if it does, whether appellee was properly indicted for this offense. The trial court construed section 4628(e.2) of the Uniform Firearms Act[1] as proscribing only the carrying of rifles with barrels measuring less than 15 inches, and sustained Pope's demurrer. On appeal, an equally-divided Superior Court affirmed.[2] This Court granted the Commonwealth's petition for allowance of appeal.[3] We now reverse.

---

[1] Act of July 30, 1968, P.L. 690, § 1, 18 P.S. § 4628(e.2) (Supp. 1973) (now 18 Pa.S. § 6108 (1973)), amending the Uniform Firearms Act, Act of June 24, 1939, P.L. 872, § 628, as amended, 18 P.S. § 4628 (1963) (now 18 Pa.S. §§ 6101-19 (1973)).

[2] Judge JACOBS filed an Opinion in Support of Affirmance in which Judges HOFFMAN and SPAULDING joined. *Commonwealth v. Pope,* 225 Pa. Superior Ct. 252, 253, 311 A.2d 147, 148 (1973). Judge WATKINS filed an Opinion in Support of Reversal in which President Judge WRIGHT and Judge CERCONE joined. Id. at 254, 311 A.2d at 148.

[3] Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 204(a), 17 P.S. § 211.204(a) (Supp. 1973).

## I.

The statute under which appellee was indicted, a 1968 amendment to the 1939 Uniform Firearms Act, provides: "No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class . . . ."[4] The prosecution's evidence shows that appellee was openly carrying a rifle with a 22-inch barrel on the public streets of Philadelphia, a city of the first class.

In the 1939 Uniform Firearms Act, the General Assembly declared criminal the concealed carrying of "firearms." A "firearm" is statutorily defined as "any pistol or revolver with a barrel less than twelve inches, any shotgun with a barrel less than twenty-four inches, or any rifle with a barrel less than fifteen inches.[5] The carrying of a firearm "in any vehicle or concealed on or about [one's] person, except in [one's] place of abode or fixed place of business, without a license therefor" is prohibited.[6]

In 1968, the General Assembly created two new crimes involving the carrying of weapons. It proscribed both the open and concealed carrying of all firearms, rifles, or shotguns during "an emergency proclaimed by a municipal or state governmental executive" anywhere in the Commonwealth[7] or "at any time upon the public

---

[4] See note 1 supra. Exceptions to the Act are not here applicable.

[5] Uniform Firearms Act, Act of June 24, 1939, P.L. 872, § 628 (a), as amended, 18 P.S. § 4628(a) (1963) (now 18 Pa.S. §6102 (1973)).

[6] Uniform Firearms Act, Act of June 24, 1939, P.L. 872, § 628(e), as amended, 18 P.S. § 4628(e) (1963) (now 18 Pa.S. § 6106(a) (1973)).

[7] Act of July 30, 1968, P.L. 690, § 1, 18 P.S. § 4628(e.1) (Supp. 1973) (now 18 Pa.S. § 6107 (1973)), amending the Uniform Firearms Act, Act of June 24, 1939, P.L. 872, § 628, as amended, 18 P.S. § 4628 (1963) (now 18 Pa.S. §§ 6101-19 (1973)).

streets or upon any public property in a city of the first class."[8] It was for this latter crime that appellee was prosecuted.

The trial court correctly recognized that the open carrying of certain weapons was prohibited in Philadelphia. However, it read the 1968 amendment as affecting only the requirement that the weapon be concealed. In its view, the 1968 amendment did not change the type of weapon the carrying of which is prohibited. Rather the court construed the Act as proscribing the open carrying of only "firearms," as defined in the 1939 Act, and attached no significance to the words "rifle" and "shotgun" in the 1968 amendment.

We disagree. Our reading of the statute convinces us that the General Assembly altered more than the requirement of concealment in two situations. The express language of the statute shows that the 1968 amendment made criminal, in two particular instances, the carrying of not only all firearms (as that word is statutorily defined) but also all other rifles and shotguns. If the Legislature intended to proscribe overt carrying of only "firearms," it would not have also included the words "rifle" and "shotgun" in the 1968 amendment. As evidenced by its explicit language, the clear intendment of the 1968 amendment is that in described circumstances the carrying of *any* firearm, *any* shotgun, or *any* rifle, constitutes a criminal act.

Phillip Pope concedes that he was carrying a "rifle" upon the streets of Philadelphia, a city of the first class. Thus his conduct was squarely in violation of the Act.

A court may not alter, under the guise of "construction," the express language and intent of the Legislature. See, e.g., *Commonwealth v. Rieck Investment Corp.*, 419 Pa. 52, 213 A.2d 277 (1965); *Calvert Dis-*

---

[8] See note 1 supra.

*tillers Corp. v. Board of Finance & Revenue,* 376 Pa.
476, 103 A.2d 668 (1954); *Commonwealth v. One 1939
Cadillac Sedan,* 158 Pa. Superior Ct. 392, 45 A.2d 406
(1946). While it is true that penal statutes must be
strictly construed, 1 Pa.S. § 1928(b)(1) (Special
Pamphlet 1973), the principle of strict construction
does not permit a court to delete a clear and specific
crime from the criminal code. A statute must be con-
strued, if possible, to give effect to all its provisions,
making the entire statute effective and certain. Id.
§§ 1921(a), 1922(2); see *Lynch v. Owen J. Roberts
School District,* 430 Pa. 461, 244 A.2d 1 (1968); *White-
marsh Township Authority v. Elwert,* 413 Pa. 329, 196
A.2d 843 (1964); *Sherwood v. Elgart,* 383 Pa. 110, 117
A.2d 899 (1955).

The trial court's reading of the statute is too nar-
row and impermissibly renders the words "rifle" and
"shotgun" in the 1968 amendment superfluous, dis-
counting them to the point of extinction. Its holding
that the unlicensed carrying of a rifle with a 22-inch
barrel is not a crime conflicts with the express language
of the statute and is error.[9]

## II.

Having determined that appellee's conduct falls
within the statutory prohibition, we must now address

---

[9] Appellee also argues that to apply to him the interpretation
of this statute we reach would unconstitutionally deprive him of
due process in violation of *Bouie v. Columbia,* 378 U.S. 347, 84 S. Ct.
1697 (1964). In *Bouie,* the Supreme Court held: "When a[n] . . .
*unforeseeable* state-court construction of a criminal status is ap-
plied retroactively to subject a person to criminal liability for past
conduct, the effect is to deprive him of due process of law in the
sense of fair warning that his contemplated conduct constitutes a
crime. . . ." Id. at 354-55, 84 S. Ct. at 1703 (emphasis added).

Where, as here, the statutory construction is based solely on the
explicit language of the statute, it cannot successfully be argued
that the result is "unforeseeable." Appellee's argument must fail.

his asserted alternate ground for relief. Specifically, it must be determined whether the indictment charges the offense the Commonwealth's evidence establishes. We believe it does.

The indictment returned by the grand jury charges: "That . . . PHILLIP POPE did unlawfully carry a firearm, to wit, a rifle, without a license therefor as required by law . . . ."

Appellee argues in the alternative that the indictment accuses him of carrying a "firearm," i.e., a rifle with a barrel less than 15 inches. The Commonwealth's evidence shows that appellee was carrying a rifle with a 22-inch barrel, which he contends is not a "firearm." Therefore, in appellee's view, a fatal variance between the indictment ("firearm") and the proof ("rifle") is created. We believe, however, that the indictment charges appellee with carrying a rifle, and that there is no variance.

At an earlier stage of legal development, indictments were strictly and technically construed, and the slightest imprecision in wording was often considered incurable error. See, e.g., *Commonwealth v. Gillespie*, 7 S. & R. 469 (Pa. 1822); *Commonwealth v. VanSickle*, 4 Clark 104 (Pa. N.P. 1845); *Commonwealth v. Haines*, 4 Clark 17 (Pa. N.P. 1824); *Commonwealth v. Garver*, 16 Phila. 468 (Pa. Quar. Sess. Phila. 1883); but see *Commonwealth v. Wentz*, 1 Ashmead 269 (Pa. Quar. Sess. Phila. 1831). Today, however, such arguments are unpersuasive. See *Commonwealth v. Hudson*, 455 Pa. 117, 314 A.2d 231 (1974); *Commonwealth v. Lee*, 454 Pa. 526, 312 A.2d 391 (1973).

Indictments must be read in a common-sense manner, and are not to be construed in an overly technical sense. *United States v. Pleasant*, 469 F.2d 1121, 1125 (8th Cir. 1972); see *Commonwealth v. Buford*, 179 Pa. Superior Ct. 312, 116 A.2d 759 (1955). Only an unreasonably strained reading of this indictment that ig-

nores the words "to wit, a rifle" arguably can sustain the assertion that Phillip Pope was not charged with carrying a rifle.

Here, the indictment notifies appellee that he is charged specifically with carrying "a firearm, to wit, a rifle." The common-sense meaning of these words is that appellee is accused of illegally carrying a weapon— a rifle. The Commonwealth's proof is entirely consistent with this reading of the express language of the indictment.

Moreover, this Court does not view the alleged variance as material or prejudicial to appellee. It is well settled that a purported variance will not be deemed fatal unless it could mislead the defendant at trial,[10] involves an element of surprise prejudicial to the defendant's efforts to prepare his defense,[11] precludes the defendant from anticipating the prosecution's proof,[12] or impairs a substantial right.[13]

Here, appellee was adequately notified that he was indicted for the criminal act of carrying a weapon, a rifle. The record reveals that his defense was clearly directed to this conduct, not to some different offense committed at a different time or place. Appellee was not misled by the indictment. Nothing in the record substantiates a claim of prejudice. Consequently appellee's alternate ground for relief must also be rejected.

The orders of the Superior Court and of the Court of Common Pleas of Philadelphia are reversed, and the record remanded for further proceedings consistent with this opinion.

---

[10] See, e.g., *Berger v. United States*, 295 U.S. 78, 55 S. Ct. 629 (1935).

[11] See, e.g., *United States v. Ragen*, 314 U.S. 513, 62 S. Ct. 374 (1942).

[12] See, e.g., *Marvin v. United States*, 279 F.2d 451 (10th Cir. 1960).

[13] See, e.g., *United States v. Mills*, 366 F.2d 512 (6th Cir. 1966).