## Commonwealth v. Lyons

*C. Gregory Frantz, Assistant District Attorney,* for Commonwealth.

*Lawrence L. Davis,* for defendant.

COFFROTH, *P.J.,* December 28, 1978—This is an appeal by defendant from his summary conviction of violating section 3323(b) of the Vehicle Code of June 17, 1976, P.L. 162, 75 Pa.C.S.A. §3323, for failing to stop at a stop sign before entering an intersection. The officer testified that defendant slowed down as he approached the intersection but did not stop before entering it. Defendant testified that he slowed down as he approached the sign and came to a full stop beside it.

Defendant moves to quash the citation for failure to state therein, in addition to alleging that defendant "failed to stop at stop intersection," that he did so "before entering the intersection," since the latter is an essential element of the offense under the code.

Section 3323(b) provides in relevant part as follows:

"Except when directed to proceed by a police officer or appropriately attired persons authorized to direct, control or regulate traffic, every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line or, if none, . . . then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering . . ."

Pa.R.Crim.P. 52A1(e) specifies that the citation for a traffic offense is required to contain "(e) a citation of the specific section and subsection of the statute or ordinance allegedly violated, together

with a summary of the facts sufficient to advise the defendant of the nature of the offense charged." The citation in this case contains the specific statutory section and subsection allegedly violated; the issue is whether it contains "a summary of the facts sufficient to advise the defendant of the nature of the offense charged." The Commonwealth says it does, defendant says it does not. We think it does.

This citation states: "Nature of offense . . .: Failed to stop at stop intersection."

The defense argument must be that a citation informing defendant that he "failed to stop at stop intersection" is not sufficient to advise him that he failed to stop before entering the intersection; from that argument it would follow that a reasonable person might not be able to tell from the quoted language whether he is being charged with failure to stop *before or after* entering the intersection, and that defendant would be at a loss at the hearing to know which version he will have to defend against. We think that a person who is told that he has not stopped *at* an intersection can and should with the exercise of a modicum of common sense conclude that he is being charged with failure to stop before, not after, he entered the intersection. After one has entered an intersection from a stop sign, by plain language he is then no longer *at* the intersection but is *in* it.

Pa.R.Crim.P. 150 prohibits dismissal of a criminal prosecution for defect in a citation if the defect is "informal" as distinguished from "substantive." In our view there is no defect here at all; but if there is, it is "informal" as defined in the comment to the rule because the omission complained of does not "prevent the substantive content of the document from being plainly understood."

Defense counsel cites and relies on Com. v. Bentley, 30 D. & C. 2d 551 (1963), in which the court adopted his contention and quashed the pleading. Obviously we disagree with that ruling as entirely too technical. See also Com. v. Hunt, 45 D. & C. 2d 522 (1968); Com. v. Fox, 52 D. & C. 618, 49 Lanc. 225 (1944); Com. v. Smith, 67 Montg. 189 (1951); Com. v. Naylor, 80 York 113 (1966). Our view of such cases is set forth in Com. v. Lentchner, 30 Somerset 195, 201-202 (1975), as follows:

"The *substance* of a case is a fair trial on the merits in the proper court; all else is *form,* whose function is but to serve the end of a fair trial on the merits. In this endeavor, the office of the pleading is simply to inform the accused of 'the nature and cause of the accusation' against him, as constitutionally required as a matter of due process of law. It is only when the pleading fails to advise the defendant in advance of trial of the issues he must meet and harms or handicaps him in his effort to defend himself, that the content of pleadings impinges on substance. All other pleading errors and omissions are 'informal' and may be amended or disregarded." (Emphasis in original.)

As stated in Com. v. Pope, 455 Pa. 384, 391, 317 A. 2d 887 (1974): "It is well settled that a purported variance will not be deemed fatal unless it could mislead the defendant at trial, involves an element of surprise prejudicial to defendant's efforts to prepare his defense, precludes the defendant from anticipating the prosecution's proof, or impairs a substantial right." See also Com. v. Shaffer, 31 Somerset 395, 399 (1976). There is no prejudice or surprise here.

For the foregoing reasons, the motion to quash

the citation must be denied. Moreover, we are persuaded by the officer's testimony that defendant is guilty as charged beyond a reasonable doubt.

## ORDER

Now, December 28, 1978, we find defendant guilty of violating Vehicle Code section 3323(b) as charged. Defendant is sentenced to pay the costs of prosecution and a fine of $25 as ordered by the district justice.