J-S33018-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
CHARLES WOOD, :
:
Appellant : No. 931 EDA 2014

Appeal from the Judgment of Sentence March 20, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0013719-2012

BEFORE: FORD ELLIOTT, P.J.E., DONOHUE and LAZARUS, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED JUNE 23, 2015**

Appellant, Charles Wood ("Wood"), appeals from the judgment of
sentence following his convictions for possession of a controlled substance
with the intent to deliver ("PWID"), 35 P.S. § 780-113(a)(30), possession of
a controlled substance ("simple possession"), 35 P.S. § 780-113(a)(16), and
criminal conspiracy, 18 Pa. C.S.A. § 903. For the reasons that follow, we
vacate the judgment of sentence and remand to the trial court for
resentencing.

Prior to trial, the trial court denied Wood's motion to suppress
evidence seized pursuant to a search warrant. Wood then waived his right
to a jury trial, at which time the testimony from the suppression hearing was
incorporated into the trial record along with additional evidence. In its
written opinion filed pursuant to Rule 1925(a) of the Pennsylvania Rules of

Appellate Procedure, the trial court provided the following brief summary of the evidence introduced at trial:

> Based upon reliable information about drug activity, the Philadelphia police set up a surveillance and controlled buys at 4822 Palethorp Street on August 7 and 8, 2012, on one of which, the testifying officer could not remember which, [Wood] was observed to exit the premises, sell 6.947 grams of cocaine to a confidential informant, who had previously arranged the buy over the telephone, and return to the premises. A search warrant was obtained and executed on the 9th at which time, among other people, drugs, money and paraphernalia, [Wood] was found in possession of 44 pills of the controlled substance Clonazepam, a Chloral hydrate, on his person which were in a bottle with some other person's name on its label. It is admitted that the bills of information did list the dates of all the crimes as being the 9th.

Trial Court Opinion, 8/7/2014, at 2. The trial court found Wood guilty of criminal conspiracy, simple possession, and PWID (specifically noting that this conviction applied to both the sale of cocaine and to the Clonazepam found on Wood's person).[1] The trial court sentenced Wood to a term of incarceration of one to two years for PWID and a concurrent term of four years of probation for criminal conspiracy. No penalty was assessed on the simple possession conviction, as it was a lesser included offense that merged for sentencing purposes.

---

[1] The trial court found Wood not guilty on a charge for possession of drug paraphernalia.

On appeal, Wood raises four issues for our consideration and determination:

1. Do not due process and Pa. R. Crim. P. 560 require that [Wood's] conviction be vacated as to the August 7 or 8, 2012 offenses for possession with intent to deliver, criminal conspiracy and possession of a controlled substance where: (a) the information charged an offense date of August 9, 2012 only; (b) the Commonwealth did not amend the information; (c) the events of August 7 or 8, 2012 and August 9, 2012 each had their own actus reus and were different offenses under *Alleyne v. United States*; and (d) [Wood] was misled, surprised and prejudiced by the lack of notice that he could be convicted of the events of August 7 or 8, 2012?

2. Do not due process and insufficiency of the evidence require that [Wood's] conviction for possession with intent to deliver be vacated as to the Clonazepam pills, which [Wood] possessed with no intent to deliver, under all of the circumstances, including the fact that [Wood] never sold Clonazepam, the number of pills was consistent with personal use, and the Commonwealth called no expert witness?

3. Do not due process and insufficiency of the evidence require that [Wood's] conviction for criminal conspiracy be vacated as there was no agreement to deliver any narcotics, including the cocaine delivered to the informant, the Clonazepam recovered from [Wood's] person, or the two packets of cocaine found in the house?

4. Did not the lower court err in sentencing [Wood] under the mandatory minimum sentencing statute, 18 Pa. C.S. § 7508 (Drug trafficking sentencing and penalties), as the entire statute is invalid because the procedural requirements within the statute are unconstitutional under the holding in *Alleyne v. United States* and the unconstitutional provisions

> > cannot be severed from the remainder of the statute?

Wood's Brief at 3-4.

In connection with Wood's first issue on appeal, Rule 560(B)(3) of the Rules of Criminal Procedure provides as follows:

> **Rule 560. Information: Filing, Contents, Function**
>
> (B) The information shall be signed by the attorney for the Commonwealth and shall be valid and sufficient in law if it contains:
>
> *   *   *
>
> (3) the date when the offense is alleged to have been committed if the precise date is known, and the day of the week if it is an essential element of the offense charged, provided that if the precise date is not known or if the offense is a continuing one, an allegation that it was committed on or about any date within the period fixed by the statute of limitations shall be sufficient;

Pa.R.Crim.P. 560(B)(3). Rule 564 permits an information to be amended to correct a defect in, inter alia, "the date charged." Pa.R.Crim.P. 564.

On appeal, Wood contends that the trial court erred in denying his motion for extraordinary relief pursuant to Rule 704(B), presented to the trial court at the close of trial. In this motion, Wood argued that all convictions related to events occurring on August 7 or 8, 2012 must be vacated because the information filed by the Commonwealth indicates that all of the crimes with which Wood was charged took place on August 9,

2012. A review of the certified record confirms that the information, filed on December 4, 2012, lists four counts (PWID, conspiracy, simple possession, paraphernalia), and with respect to each identifies "8/9/12" as the "Offense Date." Information, 12/4/2012, at 1. Similarly, the criminal complaint filed against Wood accuses him of "violating the Penal Laws of Pennsylvania on or about August 9, 2012 in the County of Philadelphia." Criminal Complaint, 8/10/2012, at 1.

While the language of Rule 560(B)(3) clearly requires the Commonwealth to specify the date on which the alleged crime occurred, this Court has held that "[d]ue process is not reducible to a mathematical formula," and the Commonwealth does not always need to prove a single specific date of an alleged crime. *Commonwealth v. Einhorn*, 911 A.2d 960, 978 (Pa. Super. 2006) (quoting *Commonwealth v. Devlin*, 333 A.2d 888, 892 (Pa. 1975)). Our Supreme Court has further instructed that "indictments must be read in a common sense manner and are not to be construed in an overly technical sense." *Commonwealth v. Ohle*, 470 A.2d 61, 73 (Pa. 1983). As a result, the Commonwealth need not prove that the crime occurred on the date alleged in the indictment, except where the date is an essential issue in the case (e.g., where the defendant presents an alibi defense). *See, e.g.*, *Commonwealth v. Young*, 748 A.2d 166, 182 (Pa. 1999). The purpose of the information is to provide the accused with sufficient notice to prepare a defense. *Commonwealth v. McIntosh*, 476

A.2d 1316, 1321 (Pa. Super. 1984) (citing **Commonwealth v. Petrillo**, 12 A.2d 317, 324 (Pa. 1940)). Accordingly, "[a] variance is not fatal unless it could mislead the defendant at trial, impairs a substantial right or involves an element of surprise that would prejudice the defendant's efforts to prepare his defense." **Einhorn**, 911 A.2d at 978; **Commonwealth v. Pope**, 317 A.2d 887, 890 (Pa. 1974) ("It is well settled that a purported variance will not be deemed fatal unless it could mislead the defendant at trial, involves an element of surprise prejudicial to the defendant's efforts to prepare his defense, precludes the defendant from anticipating the prosecution's proof, or impairs a substantial right.").

The trial court found Wood guilty of crimes committed on both August 7 or 8, 2012 (the date of the sale of cocaine to the confidential informant) and on August 9, 2012 (the time of arrest).

> There's four charges. I find [Wood] guilty of three, not guilty of the paraphernalia charge. I am only concerned with [Wood's] conduct in two circumstances: One during the sale on the street at Masher and Palethorp and at the time of his arrest on his person; consequently, he is found guilty of [PWID], conspiracy, and simple possession. I include in his possession the proceeds from the results of the sale to the confidential informant, which turned out to be the 6.94 grams [2] the 44 pills on his person. I do not find ownership or

---

[2] The trial transcript has the words "in the" here. In its written opinion, however, the trial court replaced them with the word "and." The trial court stated that "this must be a typo because the state did not submit the weight of the Clonazepam, only that of the cocaine in the observed sale. Trial Court Opinion, 8/7/2014, at 2 n.5.

> possession by [Wood] of any of the other paraphernalia or the approximately 13,000 – or eleven-and-a-half, $12,000, found in his house.

N.T., 12/18/2013, at 47.

Wood argues that he was prejudiced by the variances between the dates in the information and the proof at trial in four ways. First, Wood contends that he did not believe that he was being charged with the commission of any crimes on August 7 or 8, 2012, he did not litigate a presentence motion to reveal the identity of the confidential informant. Wood's Brief at 20. Second, Wood alleges that the amount of drugs sold to the confidential informant on August 7 or 8, 2012 triggered the imposition of a mandatory minimum sentence under 18 Pa.C.S.A. § 7508, and that the information failed to notify him of any quantity of drugs that the Commonwealth would have to prove at trial. *Id.* at 21. Third, Wood argues that because he was not aware that he faced possible mandatory minimums, he was prejudiced in his trial strategy, in particular the decision not to insist on cross-examining the chemist who analyzed the cocaine (rather than stipulating to the amount set forth in the laboratory report). *Id.* at 21-22. Fourth, Wood insists that he was prejudiced because the crimes of August 7 or 8, 2012 and August 9, 2012 were fundamentally different and thus required different defenses. *Id.* at 22.

Based upon our review of the certified record on appeal, we cannot agree with Wood's claims of prejudice, in substantial part because we cannot

agree that Wood did not receive notice of the precise nature of the crimes with which he was charged. While it is true that the Commonwealth's information did not identify the dates of August 7 or 8, 2012, at least two documents produced to Wood during discovery set forth these dates and the illegal activities observed on each of them. Both the affidavit of probable cause for the search warrant of 4822 Palethorp as well as the police arrest report describe in detail the observation of the confidential informant "between 8-7-12 and 8-8-12," including the purchase of "approx. weight (7) grams" of powder cocaine from Wood. Affidavit of Probable Cause, Exhibit D-2, at 2; Arrest Report, 8/9/2012, Exhibit D-1 at 1. In addition, while the Commonwealth's information failed to include these relevant dates, under the PWID count the information specifically advised Wood that "the Commonwealth will proceed under 18 Pa.C.S.A. § 7508 (relating to mandatory sentencing and penalties for drug trafficking)."

For these reasons, we conclude that Wood received sufficient notice that he was being charged with crimes committed on August 7 or 8, 2012 relating to the sale of powder cocaine to a confidential informant, and that the Commonwealth would offer evidence to support these charges at trial. We likewise conclude that the Commonwealth provided Wood with sufficient notice that it was charging him with a crime subject to mandatory minimum sentence under 18 Pa.C.S.A. § 7508. In this regard, we note that at trial Wood did not object to the Commonwealth's introduction of evidence

relating to the sale of powder cocaine to the confidential informant (including the weight sold). Finally, our review of the trial transcript did not reflect any prejudice regarding the differing nature of the charges on different dates, as Wood (through cross-examination) presented a misidentification defense regarding the sale on August 7 or 8, 2012, and a defense of non-ownership with respect to the items found on August 9, 2012 at the time of service of the search warrant.

For his second issue on appeal, Wood argues that the Commonwealth failed to present sufficient evidence to support the conviction for possession with intent to deliver Clonazepam. Wood contends that there is no evidence of intent to sell the 44 Clonazepam pills found on his person at the time of his arrest on August 9, 2012, including no expert testimony to exclude the possibility that the number of pills was consistent with personal use. The trial court concluded that while Wood was not "charged with or convicted of selling Clonazepam," he possessed "a sufficient quantity to allow the inference that he intended to deliver them at some point." Trial Court Opinion, 11/19/2014, at 4.

We decline to address this issue on appeal. The Commonwealth charged Wood with a single count of PWID, and the trial court convicted Wood of a single count of PWID and imposed a single sentence thereon. Wood does not contest the sufficiency of the evidence presented in support of his PWID conviction for possession of **cocaine** with the intent to deliver

(based upon the observed sale to a confidential informant). Accordingly, the Commonwealth presented sufficient evidence to support Wood's conviction for PWID (cocaine), and thus it is unnecessary to decide whether it **also** presented sufficient evidence to support a conviction for PWID of Clonazepam.

For his third issue on appeal, Wood argues that the Commonwealth did not present sufficient evidence to support his conviction for criminal conspiracy to commit PWID (cocaine and/or Clonazepam). With regard to the sale of cocaine, Wood argues that there was no evidence of an agreement between himself and Hector Oyala (the owner/resident at 4822 Palethorp), or that Oyala even knew about the sale of cocaine to a confidential informant. Wood's Brief at 27-29.

When presented with a challenge to the sufficiency of the evidence, our standard of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record "in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." **Commonwealth v. Widmer**, 560 Pa. 308, 744 A.2d 745, 751 (2000). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." **Commonwealth v. Brewer**, 876 A.2d 1029, 1032 (Pa. Super. 2005). Nevertheless, "the Commonwealth need not establish guilt to a mathematical certainty." **Id.**; **see also Commonwealth v. Aguado**, 760 A.2d

1181, 1185 (Pa. Super. 2000) ("[T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence"). Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. *See Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa. Super. 2001).

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. *See Brewer*, 876 A.2d at 1032. Accordingly, "[t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence." *Id.* (quoting *Commonwealth v. Murphy*, 795 A.2d 1025, 1038–39 (Pa. Super. 2002)). Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld. *See Brewer*, 876 A.2d at 1032.

*Commonwealth v. Franklin*, 69 A.3d 719, 722-23 (Pa. Super. 2013) (quoting *Commonwealth v. Pettyjohn*, 64 A.3d 1072, 1074-75 (2013)).

In *Commonwealth v. Feliciano*, 67 A.3d 19 (Pa. Super. 2013) (en banc), this Court recently outlined the applicable law when evaluating a conspiracy to commit PWID conviction. Therein, we stated,

Section 903 of the Crimes Code sets forth the crime of conspiracy.

- 11 -

> **(a) Definition of conspiracy.**—A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:
>
> (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or
>
> (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S. § 903.

> "To sustain a conviction for criminal conspiracy, the Commonwealth must establish the defendant: 1) entered into an agreement to commit or aid in an unlawful act with another person or persons; 2) with a shared criminal intent; and 3) an overt act was done in furtherance of the conspiracy." ***Commonwealth v. Devine***, 26 A.3d 1139, 1147 (Pa. Super. 2011). "The conduct of the parties and the circumstances surrounding such conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt." ***Id.*** The conspiratorial agreement "can be inferred from a variety of circumstances including, but not limited to, the relation between the parties, knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode." ***Id.***

***Feliciano***, 67 A.3d at 25–26; ***Commonwealth v. Watley***, 81 A.3d 108, 115-16 (Pa. Super. 2013), *appeal denied*, 95 A.3d 277 (Pa. 2014).

Based upon our review of the certified record on appeal, we conclude that there was sufficient evidence to convict Wood of conspiracy to commit PWID (cocaine).[3] On August 7 and 8, 2012, the police observed Wood exit from 4822 Palethorp Street, Oyala's residence, sell 6.947 grams of cocaine to a confidential informant, and then return to the premises. When police served a search warrant at 4822 Palethorp Street on August 9, 2012, they found both Oyala and Wood at the premises, with drug packaging items (including plastic packets and two digital scales with cocaine residue on them) in plain sight, and a substantial quantity of cash. Applying our standard of review by evaluating the evidence in the light most favorable to the Commonwealth and giving it the benefit of all reasonable inferences, this evidence was sufficient to establish the elements of a criminal conspiracy: an agreement and shared criminal intent between Oyala and Wood to distribute cocaine from 4822 Palethorp Street, and an overt act in furtherance of the conspiracy (Wood's sale of cocaine to the confidential informant). *See, e.g.*, *Commonwealth v. Perez*, 931 A.2d 703, 709 (Pa. Super. 2007).

For his fourth issue on appeal, Wood contends that the trial court erred in sentencing him in accordance with the mandatory minimum sentencing statute, 18 Pa. C.S.A. § 7508 (drug trafficking sentencing and penalties), as

_____

[3] Because we conclude that there was sufficient evidence to support the conspiracy conviction for cocaine, we need not address Wood's arguments regarding conspiracy to distribute Clonazepam.

the entire statute is unconstitutional. In a written opinion, the trial court indicated that it did not apply the mandatory minimums under section 7508 in sentencing Wood. Trial Court Opinion, 8/7/2014, at 3-4 ("[T]he defendant here lacks standing to raise the issue because, as shown, the court simply did not impose the mandatory sentence."). Our review of the transcript of Wood's sentencing, however, does not support this assertion, as the trial court rejected Wood's contention that ***Alleyne v. U.S.***, 133 S. Ct. 2151 (2013), applied in this case, and subsequently sentenced Wood for the PWID conviction in accordance with "the requirements of the law." N.T., 4/20/2014, 4, 10. On appeal, the Commonwealth does not dispute that Wood was sentenced pursuant to section 7508. Commonwealth's Brief at 17-19.

This Court has ruled that section 7508, in its entirety, is unconstitutional. ***Commonwealth v. Cardwell***, 105 A.3d 748, 755 (Pa. Super. 2014); ***Commonwealth v. Newman***, 99 A.3d 86 (Pa. Super. 2014) (en banc). As such, the trial court's reliance upon section 7508 when sentencing Wood was error, necessitating that we vacate Wood's sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: _6/23/2015_