J-S30005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMOND GEORGE COBBETT, JR., | |
| Appellant | No. 708 WDA 2017 |

Appeal from the Order Entered April 7, 2017
In the Court of Common Pleas of Clarion County
Criminal Division at No(s): CP-16-CR-0000053-2016

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMOND GEORGE COBBETT, JR., | |
| Appellant | No. 1541 WDA 2017 |

Appeal from the Judgment of Sentence Entered May 24, 2017
In the Court of Common Pleas of Clarion County
Criminal Division at No(s): CP-16-CR-0000053-2016

BEFORE: BENDER, P.J.E., STABILE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED AUGUST 23, 2018**

Appellant, Raymond George Cobbett, Jr., appeals from the order designating him as a Sexually Violent Predator (SVP) under Pennsylvania's

_____

[*] Retired Senior Judge assigned to the Superior Court.

Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.14-9799.42, as well as the judgment of sentence of 20 to 60 months' incarceration, imposed after he was convicted of several sexual offenses committed against two separate, minor victims.[1] Appellant challenges the legality of his designation as an SVP, the discretionary aspects of his sentence, and the adequacy of the criminal information regarding certain charges. After careful review, we vacate the order designating Appellant as an SVP, affirm his judgment of sentence in all other respects, and remand for further proceedings.

The trial court summarized the facts and procedural history of Appellant's case, as follows:

> [Appellant] was charged with thirteen counts of sexual offenses committed against his paramour's two nieces, including one count [of] Aggravated Indecent Assault, 18 Pa.C.S.[] § 3125(a)(8), two counts of Corruption of Minors, 18 Pa. C.S.[] § 6301(a)(1)(ii), two counts of Indecent Assault pursuant to 18 Pa.C.S.[] § 3126(a)(8), four counts of Indecent Assault pursuant to 18 Pa.C.S.[] § 3126(a)(1), and four counts of Attempted Indecent Assault, 18 Pa.C.S.[] § 901(a). The offenses occurred when the two victims, Al.D.R. and An.D.R., were visiting their aunt's home, and [Appellant] was living with their aunt.
>
> At trial, Al.D.R. testified that on several occasions, [Appellant] would grab or slap her on the buttocks while giving her a hug or when she walked past him. She testified that she was under the age of sixteen on four or five of these occasions. She further testified that [Appellant] attempted to touch her upper chest and breast area two or three times, but did not succeed. An.D.R. testified that [Appellant] touched her in much the same way, including slapping and groping her on the buttocks on several

---

[1] Appellant filed a motion to consolidate his two appeals, which this Court granted by *per curiam* order filed on January 5, 2018.

occasions. He also grabbed her breasts while she walked past him and touched her vaginal area over her clothes. She testified that [Appellant] groped her breasts eight or nine times over the course of two years, and touched her buttocks twenty to twenty-five times. An.D.R. testified that on one occasion, [Appellant] followed her into the kitchen in the house and asked for a hug. When An.D.R. hugged him, [Appellant] allegedly put his hand in her shorts and penetrated her vagina with his finger.

The jury returned a mixed verdict, finding [Appellant] guilty of Corruption of Minors against Al.D.R.; guilty of one count of Indecent Assault of a Person Less than 16 Years of Age against An.D.R.; guilty of two counts of Indecent Assault without Consent against An.D.R. and one count of Indecent Assault without Consent against Al.D.R.; and guilty of two counts of Attempted Indecent Assault against Al.D.R. Notably, the jury found [Appellant] not guilty of Aggravated Indecent Assault against An.D.R., which charge was based on the alleged incident of digital penetration.

Trial Court Opinion (TCO), 12/27/17, at 1-2.

Following Appellant's conviction, the trial court conducted an SVP hearing and, on April 7, 2017, it issued an order deeming him an SVP. Appellant filed a premature notice of appeal from that order. Then, on May 17, 2017, the trial court sentenced Appellant to the aggregate term stated *supra*. Appellant filed a timely post-sentence motion, which was denied on September 19, 2017. He then filed a timely notice of appeal on October 19, 2017, which, as stated *supra*, was consolidated with his April 7, 2017 appeal. Appellant timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the trial court filed an opinion on December 27, 2017.

Herein, Appellant raises five issues for our review:

A. Whether the trial court's designation of [Appellant] as an [SVP] is in error and should therefore be vacated because SORNA is unconstitutional[?]

B. Whether the trial court's designation of [Appellant] as an SVP is in error and should therefore be vacated because it is based upon insufficient, inaccurate and inadmissible evidence[?]

C. Whether the trial court abused its discretion by sentencing [Appellant] based, in part, upon inaccurate and inadmissible evidence[?]

D. Whether the jury'[s] verdict should be overturned and the trial court's sentence be vacated on Count 3 because the Commonwealth failed to identify a victim in the information[?]

E. Whether the jury'[s] verdict should be overturned and the trial court's sentence be vacated on Count 9 because the victim in [the] verdict does not match the information[?]

Appellant's Brief at 6-7 (unnecessary emphasis and capitalization omitted).

Appellant first contends that his designation as an SVP is illegal under our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (holding that SORNA's registration provisions constitute criminal punishment that cannot be retroactively applied to a defendant whose crimes were committed prior to SORNA's enactment), and this Court's subsequent holding in **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017) (concluding that SORNA's SVP provision, which requires the trial court to determine if an individual is an SVP based on clear and convincing evidence, is unconstitutional under **Alleyne v. United States**, 570 U.S. 99 (2013)).[2] We need not discuss this issue in depth, as the Commonwealth concedes that

_____

[2] We recognize that SORNA was amended on February 21, 2018, by H.B. 631, 202 Gen. Assem., Reg. Sess. (Pa. 2018), Act 10 of 2018.

**Butler** renders Appellant's SVP designation under SORNA illegal. We agree with both parties that **Butler** controls. Therefore, we vacate the April 6, 2017 order deeming Appellant an SVP under SORNA, and remand for the trial court to determine what registration requirements apply to Appellant, and to provide him proper notice thereof.[3]

In Appellant's next issue, he challenges the discretionary aspects of his sentence, arguing that the trial court considered "impermissible information in imposing sentence, *i.e.*, the SVP designation, and … failed to fully consider mitigating information[,]" such as his cooperation with police, apology to the victims and their family, lack of any criminal record, and lengthy employment history. Appellant's Brief at 33, 37-38.

Preliminarily, we recognize that,

> [c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

---

[3] In light of this disposition, we need not address Appellant's second issue regarding the sufficiency of the evidence to support his SVP designation.

> ***Commonwealth v. Evans****, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann****, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).*
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul****, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912–13.*

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

We also note that, when an appellant presents a substantial question for our review, we assess it with the following in mind:

> The imposition of sentence is vested in the discretion of the trial court, and should not be disturbed on appeal for a mere error of judgment but only for an abuse of discretion and a showing that a sentence was manifestly unreasonable.
>
>> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.
>
> The proper standard of review for an appellate court is to focus on the pertinent statutory provisions in the Sentencing Code,

specifically 42 Pa.C.S. § 9781(c) and (d), and 42 Pa.C.S. § 9721(b). … Section 9721(b) provides in pertinent part as follows:

> [T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S. § 9721(b).

> In order to establish that the sentencing court abused its discretion, Appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Williams*, 69 A.3d 735, 740–41 (Pa. Super. 2013) (some internal citations and quotation marks omitted).

In the present case, Appellant did not raise, in his post-sentence motion, his argument that the trial court improperly considered his SVP designation at sentencing because it is invalid under *Muniz* and *Butler*. However, because Appellant's post-sentence motion was filed before *Muniz* and *Butler* were issued, we will not consider this argument waived. We will also consider Appellant's claim as constituting a substantial question for our review. *See Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (concluding that an appellant presents a substantial question where he avers that the trial court relied upon improper or incorrect factors when imposing his sentence).

Notwithstanding, Appellant has failed to demonstrate an abuse of discretion on the part of the trial court. In explaining the factors it considered

- 7 -

in fashioning Appellant's sentence, the court did not mention his SVP designation. *See* N.T. Sentencing, 5/17/17, at 13-15. Instead, the court focused on the sentencing guidelines; the facts of Appellant's crimes; the victims' impact statements; the court's conclusion that Appellant did not "really recognize" the gravity of his crimes; the risk that Appellant poses to the community; Appellant's rehabilitative needs; and "the seriousness of the crimes." *Id.* at 13-14. Additionally, the trial court states in its Rule 1925(a) opinion that it did not rely on Appellant's SVP designation in fashioning his standard-range term of incarceration. *See* TCO at 7. Accordingly, Appellant's speculative assertion that the trial court improperly considered his SVP designation as a sentencing factor is wholly unsupported by the record, and does not demonstrate an abuse of discretion by the trial court.

Appellant also challenges his sentence by claiming that the court failed to consider mitigating circumstances. For instance, Appellant claims that the court did not take into account that he "freely spoke with the police, without counsel, and admitted his actions were wrong[;]" he "waived his right to a preliminary hearing, and he did not testify at trial, much less claim that he did not commit any of the crimes for which he was charged[;]" at sentencing, he "apologized to the victims and their families and admitted that his actions were in appropriate [*sic*][;]" and he has "limited intellect" and likely did not "fully comprehend the gravity of his actions, until confronted with the accusations." Appellant's Brief at 37-38. Our review of the record demonstrates that Appellant did not raise the court's purported failure to

consider these mitigating factors in his post-sentence motion. Accordingly, this argument is waived. ***See Commonwealth v. Bromley***, 862 A.2d 598, 603 (Pa. Super. 2004) ("It is well settled that an [a]ppellant's challenge to the discretionary aspects of his sentence is waived if the [a]ppellant has not filed a post-sentence motion challenging the discretionary aspects with the sentencing court.") (citations omitted).

However, Appellant did assert in his post-sentence motion, and reiterates on appeal, that the court failed to consider his age (45 years old), that he had no prior criminal history before the present offenses, and that he has been gainfully employed by a construction company for 19 years. Appellant also stresses that "the sentence imposed by the [c]ourt precludes any type of work release for [Appellant], which would allow [Appellant] to continue to meet his financial obligations, including child support obligations, and continue to be a contributing member of society." Appellant's Brief at 39.

Initially, "[a]n argument that the sentencing court failed to adequately consider mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for our review." ***Commonwealth v. Ratushny***, 17 A.3d 1269, 1273 (Pa. Super. 2011) (citations omitted). However, even if Appellant's argument did constitute a substantial question, we would deem it meritless. As Appellant recognizes, the trial court imposed a standard-range sentence, ***see*** Appellant's Brief at 33, and it considered a pre-sentence investigation report in fashioning that term of incarceration, ***see*** N.T. Sentencing at 7. Thus, we "presume that the sentencing judge was aware

of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa. Super. 2009). In addition to the pre-sentence report, the trial court also heard defense counsel stress Appellant's work history, age, and lack of a criminal record. ***See*** N.T. Sentencing at 7. Defense counsel also requested that the court permit Appellant to be on work release so he could continue to meet his financial obligations. ***Id.*** at 9. After hearing about and considering these mitigating factors now stressed by Appellant, the court concluded that the impact of his offenses on the victims, the threat he poses to the public, his rehabilitative needs, his failure to fully appreciate the seriousness of his crimes, and the applicable sentencing guidelines called for the standard-range term of incarceration that the court ultimately imposed. We discern no abuse of discretion in the court's decision.

In Appellant's third and fourth issues, he contends that the criminal information was insufficient. Before addressing his underlying arguments, we note that,

> "[i]ndictments must be read in a common sense manner and are not to be construed in an overly technical sense." ***Commonwealth v. Pope****,* 455 Pa. 384, 390, 317 A.2d 887, 890 (1974). ***See also United States v. Schoenhut****,* 576 F.2d 1010 (3d Cir.1978), *cert. denied,* 439 U.S. 964, 99 S.Ct. 450, 58 L.Ed.2d 421. The purpose of the indictment is "to provide the accused with sufficient notice to prepare a defense, and to insure that he will not be tried twice for the same act." ***Commonwealth v. Rolinski****,* 267 Pa. Super[.] … 199, 202, 406 A.2d 763, 764 (1979). ***See also Commonwealth v. Ackerman****,* 239 Pa.[]Super[.] … 187, 361 A.2d 746 (1976). Furthermore, a variance is not fatal unless it "could mislead the defendant at trial,

involves an element of surprise prejudicial to the defendant's efforts to prepare his defense, precludes the defendant from anticipating the prosecution's proof or impairs a substantial right." *Commonwealth v. Pope*, 455 Pa. at 391, 317 A.2d at 890 (footnotes omitted).

*Commonwealth v. Ohle*, 470 A.2d 61, 73 (Pa. 1983).

In attacking the adequacy of the criminal information, Appellant begins by complaining that it was not sufficiently specific regarding the offense dates of certain counts, where the Commonwealth only alleged that Appellant committed those offenses "several times over a period of two years" beginning on January 1, 2013. **See** Criminal Information, 2/1/16, at 1-2; **see also** Amended Criminal Complaint, 9/1/16, at 1 (unnumbered). Appellant acknowledges that there exists "precedent … [that is] not favorable to [Appellant] on this issue, which affords the Commonwealth greater latitude in cases involving claims of abuse of minors occurring over a period of time." Appellant's Brief at 42 (citing **Commonwealth v. Benner**, 147 A.3d 915 (Pa. Super .2016)). Curiously, Appellant makes no attempt to distinguish **Benner** or offer any argument regarding why, even under the 'greater latitude' afforded to the Commonwealth, the criminal information was inadequate in this case. He also does not discuss how the ostensible inadequacy of the criminal information misled, surprised, or prejudiced him at trial. **See Ohle, supra**. Instead, Appellant merely states that,

> for the purpose of preserving the issue, … the Commonwealth should have been much more specific in the [i]nformation as to the dates of the alleged acts. The Commonwealth's failure to do so violated [Appellant's] constitutional rights under the federal and state constitutions, as enunciated more fully by the

- 11 -

[S]upreme [C]ourt in [*Commonwealth v.*] *Devlin*, [333 A.2d 888 (Pa. 1975)].

Appellant's Brief at 42-43. "We will not act as counsel and will not develop arguments on behalf of an appellant." *In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012). Consequently, we consider Appellant's underdeveloped challenge to the adequacy of the date range provided in the criminal information waived for our review. *Id.* ("[W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.").

Next, Appellant challenges the sufficiency of the criminal information regarding Count 3, which charged him with corruption of a minor. In setting forth that charge, the Commonwealth failed to specify to which victim Count 3 pertained, *i.e.*, Al.D.R. or An.D.R. Appellant maintains that this lack of clarity caused "confusion and undermin[ed] the certainty of the jury's verdict on Count 3, in violation of [his] federal and state constitutional rights." Appellant's Brief at 44. He concludes that "[t]he Commonwealth's carelessness and omission should be fatal, with judgment arrested and [his] conviction reversed on Count 3." *Id.*

In contending that Appellant essentially waived this challenge to the criminal information, the Commonwealth presents several points for our consideration. First, the Commonwealth notes that Appellant did not challenge this purported inadequacy of the criminal information prior to, during, or after trial; instead, he is presenting this issue for the first time on appeal. Second, the Commonwealth stresses that Appellant was in possession

of "complete discovery in this matter[,]" which alerted him to the fact that the Commonwealth was alleging that he committed indecent assault and attempted indecent assault against Al.D.R., and *aggravated* indecent assault against An.D.R. Commonwealth's Brief at 3. Therefore, because Count 3 charged Appellant with corruption of a minor based on his "repeatedly commit[ing] offenses of indecent assault and [c]riminal [a]ttempt to commit indecent assault[,]" he was on notice that that charge pertained to Al.D.R. Criminal Information, 2/1/16, at 1. Third, the Commonwealth emphasizes that at the start of trial, the court informed the jury that "Count 3, corruption of a minor [was] against the second alleged victim, [Al.D.R.]" N.T. Trial, 9/1/16, at 11. Additionally, prior to the jury instructions at the close of trial, defense counsel explicitly acknowledged that Count 3 involved Al.D.R. *Id.* at 92. The court also charged the jury that Count 3 pertained to conduct alleged to have been committed against Al.D.R., and that point was again clarified in response to a question by the jury. *Id.* at 126, 143-44. At no point during any of these references to Al.D.R.'s being the victim of Count 3 did Appellant express confusion about, or concern with, the criminal information not specifically identifying Al.D.R. as the victim of that offense. Consequently, we agree with the Commonwealth that Appellant "had sufficient time to prepare a defense, and his attempt to overturn his conviction based on this claim should fail." Commonwealth's Brief at 4.

For essentially the same reasons, we conclude that Appellant's challenge to the adequacy of the criminal information regarding Count 9 fails as well. In

the original information, the Commonwealth set forth six charges (Counts 4 through 9) of indecent assault as defined by 18 Pa.C.S. § 3126(A)(8). Each of those six counts was identical in terms of the factual allegations, and each named "ADR" as the victim of the crime, which could have referred to either Al.D.R. or An.D.R. When the Commonwealth amended the complaint just prior to trial, it changed Counts 6 through 9 to charge indecent assault as defined by 18 Pa.C.S. § 3126(a)(1) (lack of consent), and named the victim of those assaults as An.D.R. However, at the start of trial, and in charging the jury, the court stated that the victim of Count 9 was Al.D.R. *See* N.T. Trial at 11, 129. Additionally, when the jury returned with its verdict, it explicitly convicted Appellant of Count 9 against Al.D.R. *Id.* at 151.

Appellant now claims that this variance between the verdict and the criminal information warrants reversal. The entirety of his argument is as follows:

> The Commonwealth must prove the information, and [Appellant] is entitled to be placed on fair notice in the Information, as to what he must defend. In this regard, as [Appellant] was not charged with a crime against Al.D.R., at Count 9 of the Amended Information, [Appellant] cannot be convicted of a crime against Al.D.R. for Count 9. Therefore, [Appellant's] conviction should be reversed, judgment arrested and [Appellant] acquitted of Count 9 - attempted indecent assault.[4]

Appellant's Brief at 45.

---

[4] Appellant incorrectly states that Count 9 charged attempted indecent assault. Rather, as stated *supra*, the amended Count 9 charged indecent assault under 18 Pa.C.S. § 3126(a)(1) (lack of consent).

Appellant's cursory, and legally unsupported, argument is insufficient to convince us that his conviction for Count 9 must be reversed. Notably, Appellant does not explain how the Commonwealth's mistake of naming An.D.R. as the victim of that count in the amended criminal information misled or surprised him at trial, or how his defense was hindered by that error. *See Ohle, supra*. Moreover, it is apparent that Appellant was put on notice that Count 9 referred to Al.D.R. through the court's statement to the jury at the start of trial, yet he at no point raised any issue concerning the fact that An.D.R. was named as the victim of Count 9 in the amended information. He also did not raise this claim when the jury was instructed that Al.D.R. was the alleged victim of Count 9, or when the verdict sheet listed the same. Based on these circumstances, we conclude that Appellant's belated complaint about the variance between the criminal information and the jury's verdict - which is unaccompanied by any explanation of how his defense at trial was hampered - does not warrant reversal of his conviction at Count 9.

In sum, we vacate the April 7, 2016 order deeming Appellant an SVP, but affirm his judgment of sentence in all other respects. We remand for further proceedings for the court to determine Appellant's registration requirements and provide him notice thereof.

Order vacated. Judgment of sentence affirmed in all other respects. Remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/23/2018